UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JAN SEBASTIAN PAULINO,<br>(2) LEWIS VLADIMIR PAULINO ESPAILLAT,<br><br>█████████████<br><br>Defendants | Criminal No.  26cr10016<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Count Two: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>█████████████<br><br>Count Four: Distribution of and Possession with Intent to Distribute Cocaine<br>(21 U.S.C. § 841(a)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

## INDICTMENT

### COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about June 2025, through in or about October 2025, in Waltham, in the District of Massachusetts; Manhattan, in the Southern District of New York; the Dominican Republic; and elsewhere, the defendants,

(2) LEWIS VLADIMIR PAULINO ESPAILLAT, ███████

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants (2) LEWIS VLADIMIR PAULINO ESPAILLAT, ███████. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to defendants (2) LEWIS VLADIMIR PAULINO ESPAILLAT, ███████.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
## Money Laundering Conspiracy
## (18 U.S.C. § 1956(h))

The Grand Jury further charges:

From at least in or about March 2025, through in or about September 2025, in Haverhill and Lawrence, in the District of Massachusetts, and elsewhere, the defendants,

(1) JAN SEBASTIAN PAULINO and
(2) LEWIS VLADIMIR PAULINO ESPAILLAT,

conspired with each other and with other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).



<u>COUNT FOUR</u>
Distribution of and Possession with Intent to Distribute Cocaine
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about August 19, 2025, in Boston, in the District of Massachusetts, the defendant,

(1) JAN SEBASTIAN PAULINO,

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 846 and 841, set forth in Counts One, Three, and Four, the defendants,

(1) JAN SEBASTIAN PAULINO,
(2) LEWIS VLADIMIR PAULINO ESPAILLAT,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

<u>MONEY LAUNDERING FORFEITURE ALLEGATION</u>
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count Two, the defendants,

> (1) JAN SEBASTIAN PAULINO and
> (2) LEWIS VLADIMIR PAULINO ESPAILLAT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. $877,240.00 in U.S. currency, seized in Dedham, Massachusetts, on May 9, 2025.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

STEPHEN W. HASSINK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 21, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn Jr. @ 11:24am.
DEPUTY CLERK